NEW-YORK GENERAL TERM, September, 1847.  *Cady, McCoun, and Hurlbut,* Justices.

### BARRON *vs.* THE PEOPLE.

A criminal case cannot he moved out of its order on the calendar, by the defendant, unless the notice of argument states his intention of bringing it on out of its order.

A judgment against the defendant, in a criminal case, will not be reversed by default. But the court must be satisfied that there was error in the record, or proceedings, of the court below.

That part of the 97th rule which gives to the counsel for the people, alone, the right to move cases out of their order on the calendar, applies only to the first week in term. After that, either party, on a four days' notice, may bring on the argument of the cause out of its order.

THE plaintiff in error was convicted, at the oyer and terminer in New-York, of grand larceny, and brought a writ of error to this court on a bill of exceptions taken at the trial, during the third week of the term.

*H. H. Burlock,* for the plaintiff in error, upon a general notice of argument of four days, moved on the argument of the writ of error, out of its order on the calendar, under the 97th rule of the court.

THE COURT said the notice of argument was defective, in not stating the party's intention to bring on the argument of the cause out of its order on the calendar.

On a subsequent day, after the service of a new notice of argument, by the plaintiff's attorney, specifying his intention of bringing the cause on for argument out of its order on the calendar, on that day—

*Mr. Burlock* moved for judgment of reversal by default; the district attorney not appearing on behalf of the people.

THE COURT said they would not reverse a judgment by default, in a criminal case. That a convicted criminal could not be got out of the state prison by default; but that they must be satisfied there was error in the record, or proceedings, of the court below. And they directed the plaintiff's counsel to argue the cause ex parte; which the counsel was proceeding to do, when

J. *McKeon,* district attorney, for the people, came into court and objected that the plaintiff had no right to bring on the argument of the cause out of its regular order on the calendar. He insisted that the district attorney alone had that right, under the 97th rule.

BY THE COURT. That part of the rule which gives to the counsel for the people, alone, the right to move cases out of their order, applies only to the first week in term. After that, either party, on a four days' notice, may bring on the argument of the cause out of its order on the calendar.

---

SAME TERM. *Before the same Justices.*